UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE V. ROBERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF STATE HOSPITALS-COALINGA, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-01095-JDP (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a civil detainee held by the Department of State Hospitals in Coalinga, brought this action against defendants in the Fresno County Superior Court, small claims division. ECF No. 1-1 at 2. He alleges that the defendants unlawfully emailed a patient roster that contained his protected health information, including his date of admission, legal commitment, and unit number. *Id.* at 9. Defendant Gonzalez, the only federal employee sued, removed the case to this court pursuant to 28 U.S.C. § 1442(a)(3). *Id.*; ECF No. 1 at 1. After screening the complaint, I find that plaintiff's allegations against Gonzalez should be dismissed. The remaining claims against the non-federal defendants should be remanded to state court.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.[1]  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

[1] This screening requirement still applies where a case is removed from state court.  *See Walker v. Departmental Review Bd.*, No. 2:17-cv-02191-AC-P, 2017 U.S. Dist. LEXIS 176242, 2017 WL 11517550 *1 (E.D. Cal. Oct. 24, 2017) ("The screening obligation applies where a complaint is removed from state court.").

**II.     Analysis**

As noted above, plaintiff alleges that defendants, including Gonzalez, unlawfully shared his personal information during an exchange of emails, thereby violating his rights under state law—California Civil Code § 56.35 and § 1798.  ECF No. 1-1 at 9.  The complaint indicates that Gonzalez emailed the relevant information in the course of her duties as an Operational Supervisor in this district.  *Id.*  Her purpose in doing so allegedly related to the identification of detainees who might file a lawsuit and who might be eligible to proceed *in forma pauperis*.  *Id.*  Judicial immunity, usually relevant to judges, also extends to court staff where the acts complained of occurred as part of the judicial process.  *See Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979); *Curry v. Castillo (in Re Castillo)*, 297 F.3d 940, 952 (9th Cir. 1996) ("[W]e have extended absolute quasi-judicial immunity . . . to court clerks and other nonjudicial officers for purely administrative acts—acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function.").  Here, Gonzalez's actions in ascertaining litigants' ability to proceed *in forma pauperis* should be categorized as part of the judicial process, and she is entitled to immunity.  The claims against Gonzalez should, therefore, be dismissed.

The only remaining question is whether to retain pendent jurisdiction over the remaining state law claims.  In making this determination, the court must consider "the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  Generally, if all federal claims are disposed of at an early stage of the litigation, and only state law claims remain, a case should be remanded.  *Id.* ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); *see also Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court . . . .").  Here, all factors weigh in favor of remanding the remaining claims.  Plaintiff's claims,

which sound purely in state law, are likely to be decided more quickly in state court.

Accordingly, it is ORDERED that the Clerk of Court assign a district judge to this action.

Further, it is RECOMMENDED that:

1. All claims against defendant Gonzalez be DISMISSED as barred by quasi-judicial immunity; and

2. All other claims be REMANDED to the Superior Court of Fresno County.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 6, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4